IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT HENDERSON, #02441554, | § § § | |
| Petitioner, | § § § | |
| v. | § § | No. 3:24-cv-00996-N (BT) |
| UNITED STATES OF AMERICA | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Vincent Henderson filed a document in his closed federal criminal case, *United States v. Henderson*, 3:20-cr-0266-N, asking the Court to order the U.S. Marshal to remove him from state custody and "place him in the federal custody within the BOP." ECF No. 3 at 2. He contends that the "feds loaned [him] to the State," which never returned him to federal custody. ECF No. 3 at 2. The Court construed Henderson's filing as a petition for a writ of mandamus under 28 U.S.C. § 1361, and opened this civil case. ECF No. 2. For the following reasons, the Court should dismiss this action with prejudice as frivolous and for failure to state a claim.

## Background

On November 7, 2022, this Court sentenced Henderson, following his plea of guilty to possession of a firearm by a convicted felon, to 120 months' imprisonment to run consecutively to sentences imposed in several related state

criminal proceedings, and concurrently with others. *See United States v. Henderson*, 3:20-cr-0266-N (N.D. Tex. Nov. 7, 2022) (Doc. 62 in the criminal case). On March 22, 2023, a state court adjudicated Henderson guilty of aggravated assault with a deadly weapon; unlawful possession of a firearm; three counts of aggravated assault with a deadly weapon; four counts of aggravated robbery; and two counts of unlawful possession of methamphetamine; and sentenced him to ten years' imprisonment on each charge to run concurrently with the other charges. *See State of Texas v. Vincent Henderson*, Nos. F-1958991-3 & F-2051030-36; Texas Department of Criminal Justice Inmate Search (search for Henderson's TDCJ number; last visited April 30, 2024). Henderson is currently in the custody of the Texas Department of Criminal Justice.

**Legal Standards and Analysis**

Henderson's petition for mandamus relief is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[1] *See Leonard v. Marshall*, 2021 WL 1877067, at *1 (N.D. Tex. Apr. 9, 2021), *rec. accepted* 2021 WL 1876133 (N.D. Tex. May 10, 2021) (finding that petition for mandamus relief in which the state prisoner sought an order transferring him to federal custody was subject to preliminary screening under these provisions). Under Section 1915A:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

---

[1] Although Henderson did not pay the filing fee or move for leave to proceed *in forma pauperis*, the Court assumes that he desires to proceed *in forma pauperis* and will screen the petition as presented rather than require Henderson to first comply with the Court's filing requirements.

governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court liberally construes pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal

construction, however, Henderson's petition for a writ of mandamus is frivolous and fails to state a claim.

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate only "when (1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (noting mandamus is proper when the duty is "so plainly prescribed as to be free from doubt").

Under the facts presented, Henderson cannot establish that the U.S. Marshal has a clear duty to transfer him to federal custody, especially when he is currently serving a state sentence to which his federal sentence is consecutive. A prisoner has no constitutional right to imprisonment in the facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding that a prisoner has "no justifiable expectation that he will be incarcerated in any particular prison"). Indeed, "[u]nder 18 U.S.C. § 3621(b), the [BOP], exercising the same discretion previously vested in the Attorney General under repealed provisions of 18 U.S.C. § 4802, may direct confinement in any available facility and may transfer a prisoner from one facility to another any time." *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469 n.3 (10th Cir. 1992). Thus, Henderson's request for mandamus relief

lacks any plausible legal basis and should be dismissed with prejudice as frivolous and for failure to state a claim. *See, e.g.*, Leonard, 2021 WL 1877067, at *1-2 (finding that prisoner's petition for mandamus relief to be transferred from state to federal custody was frivolous because the prisoner failed to establish that the U.S. Marshal had a clear duty to transfer him to federal custody).

## Leave to Amend

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Henderson's claim is fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

## Recommendation

The Court should dismiss with prejudice Henderson's petition for writ of mandamus because it is frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

SO RECOMMENDED.

May 2, 2024.

                                                                                        _____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).